UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Roneld J. Salazar, Antonio J. Scaramella,
and other similarly situated individuals,

    Plaintiffs,

v.

Mar Tile Design Corp., and Jose J. Herrera,
individually,

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiffs Roneld J. Salazar, Antonio J. Scaramella, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Mar Tile Design Corp. and Jose J. Herera, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Roneld J. Salazar and Antonio J. Scaramella are residents of Orange County, Florida. Plaintiffs are covered employees for purposes of the Act

3. Defendant Mar Tile Design Corp. (from now on Mar Tile Design, or Defendant) is a Florida corporation having a place of business in Winter Garden, Orange County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant Jose J. Herrera was and is now the owner/partner/officer and Manager of Defendant Corporation Mar Tile Design. This individual Defendant was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiffs Roneld J. Salazar and Antonio J. Scaramella as a collective action to recover from Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and

who worked more than forty (40) hours during one or more weeks on or after April 2021, (the "material time") without being adequately compensated.

7. Defendant Mar Tile Design is a remodeling contractor specializing in tile design and installations. Mar Tile Design's office is located at 15155 West Colonial Dr., Unit 784598, Winter Garden, FL 34787, where Plaintiff worked.

8. Defendant Mar Tile Design was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction company dedicated to designing and tile installation. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were tile installers. Plaintiffs handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

10. Defendants Mar Tile Design and Jose J. Herrera employed Plaintiffs Roneld J. Salazar and Antonio J. Scaramella as non-exempted, full-time construction employees. Plaintiffs had duties as tile installers.

11. <u>1.- Claim of Plaintiff Roneld J. Salazar</u>

12. Defendants Mar Tile Design and Jose J. Herrera employed Plaintiff Roneld J. Salazar from approximately April 15, 2021, to May 01, 2022, or 54 weeks.

13. During the relevant period, Plaintiff performed as a tile installer. Plaintiff was paid a wage rate of $24.00 an hour. Plaintiff's overtime rate should be $36.00 an hour.

14. Plaintiff had a regular schedule, and he worked six days per week. From Monday to Friday, Plaintiff worked from 6:00 AM to 6:00 PM (12 hours daily). On Saturdays, Plaintiff worked from 7:00 AM to 4:00 PM (9 hours), or a total of 66 hours weekly. Plaintiff has already deducted 3 hours of lunchtime taken during 6 days.

15. Plaintiff was paid weekly for an average of 66 hours, but at his regular rate of $24.00 an hour. Plaintiff was not paid for overtime hours as required by law.

16. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours, but he did not complain to his supervisor and owner of the business Jose J. Herrera because he was an extremely rude individual.

17. On or about May 01, 2022, Plaintiff resigned from his position to pursue better employment opportunities.

18. <u>2.- Claim of Plaintiff Antonio J. Scaramella</u>

19. Defendants Mar Tile Design and Jose J. Herrera employed Plaintiff Antonio J. Scaramella from approximately September 7, 2021, to July 15, 2022, or 44 weeks.

20. During the relevant period, Plaintiff performed as a tile installer. Plaintiff was paid a wage rate of $25.00 an hour. Plaintiff's overtime rate should be $37.50 an hour.

21. Plaintiff had a regular schedule, and he worked six days per week. From Monday to Saturday, Plaintiff worked from 7:00 AM to 6:00 PM (11 hours daily), or a total of 66 hours weekly.

22. Plaintiff was paid weekly for an average of 65 hours, but at his regular rate of $25.00 an hour. Plaintiff was not paid for overtime hours as required by law.

23. Plaintiff Antonio J. Scaramella was not in agreement with his extended working hours and the lack of payment for overtime hours, and he complained several times to the owner of the business Jose J. Herrera and he always answered: "let me what is happening", but he never fixed anything.

24. As a result of Plaintiff's complaints owner Jose J. Herrera fired Plaintiff on or about July 15, 2022.

25. Plaintiffs Roneld J. Salazar and Antonio J. Scaramella clocked in and out through a phone application. In addition, Plaintiffs worked under the supervision of the owner of the business Jose J. Herrera. Thus, Defendants could track the hours worked by Plaintiffs and other similarly situated individuals.

26. Therefore, Defendants willfully failed to pay Plaintiffs overtime wages, at the rate of time and a half their regular rate, for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

27. Plaintiffs were paid weekly by direct deposits, with paystubs that did not provide the number of days and hours worked, wage rate paid, etc.

28. Plaintiffs Roneld J. Salazar and Antonio J. Scaramella seek to recover unpaid half-time overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

29. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

30. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated

individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

31. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**
**AS PER PLAINTIFF RONELD J. SALAZAR**

32. Plaintiff Roneld J. Salazar re-adopts every factual allegation concerning him stated in paragraphs 1-31 above as if set out in full herein.

33. Defendants Mar Tile Design and Jose J. Herrera employed Plaintiff Roneld J. Salazar as a non-exempted, full-time tile installer from approximately April 15, 2021, to May 01, 2022, or 54 weeks.

34. During the relevant period, Plaintiff was paid a wage rate of $24.00 an hour. Plaintiff's overtime rate should be $36.00 an hour.

35. Plaintiff had a regular schedule, and he worked six days per week, an average of 66 hours weekly. Plaintiff has already deducted 3 hours of lunchtime taken during six days.

36. Plaintiff was paid weekly for an average of 66 hours weekly, but at his regular rate of $24.00 an hour. Plaintiff was not paid for overtime hours as required by law.

37. Plaintiff clocked in and out through a phone application. In addition, Plaintiff worked under the supervision of the owner of the business Jose J. Herrera. Thus, Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

38. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid weekly by direct deposits, with paystubs that did not provide the number of days and hours worked, wage rate paid, etc.

40. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Sixteen Thousand Eight Hundred Forty-Eight Dollars and 00/100 ($16,848.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 54 weeks
Relevant weeks of employment:  54 weeks
      Total hours worked: 66  hours average weekly
Total unpaid O/T hours:  26 overtime hours weekly
Regular rate: $24.00 x 1.5=$36.00 O/T rate
O/T rate $36.00-$24.00 O/T rate paid=$12.00 half-time difference
Unpaid half-time: $12.00 for every O/T hour

$12.00 x 26 O/T hours=$312.00 weekly x 54 weeks=$16,848.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

42. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

43. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with

Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

44. At times mentioned, individual Defendant Jose J. Herrera was, and is now, the owner/partner/manager of Mar Tile Design. Defendant Jose J. Herrera was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Mar Tile Design's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Jose J. Herrera had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

45. Defendants Mar Tile Design and Jose J. Herrera willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Roneld J. Salazar and those similarly situated respectfully

request that this Honorable Court:

A. Enter judgment for Plaintiff Roneld J. Salazar and other similarly situated individuals and against the Defendants Mar Tile Design and Jose J. Herrera based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Roneld J. Salazar actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Roneld J. Salazardemands a trial by a jury of all issues triable as a right by a jury.

## COUNT II:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS AS PER PLAINTIFF ANTONIO J. SCARAMELLA

47. Plaintiff Antonio J. Scaramella re-adopts every factual allegation concerning him, stated in paragraphs 1-31 above, as if set out in full herein.

48. Defendants Mar Tile Design and Jose J. Herrera employed Plaintiff Antonio J. Scaramella from approximately September 7, 2021, to July 15, 2022, or 44 weeks.

49. During the relevant period, Plaintiff performed as a tile installer. Plaintiff was paid a wage rate of $25.00 an hour. Plaintiff's overtime rate should be $37.50 an hour.

50. Plaintiff had a regular schedule, and he worked six days per week, a total of 66 hours weekly.

51. Plaintiff was paid weekly for an average of 65 hours, but at his regular rate of $25.00 an hour. Plaintiff was not paid for overtime hours as required by law.

52. Plaintiff clocked in and out through a phone application. In addition, Plaintiff worked under the supervision of the owner of the business Jose J. Herrera. Thus, Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

53. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

54. Plaintiff was paid weekly by direct deposits, with paystubs that did not provide the number of days and hours worked, wage rate paid, etc.

55. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

56. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Fourteen Thousand Three Hundred Dollars and 00/100 ($14,300.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 44 weeks
Relevant weeks of employment:  44 weeks
  Total hours worked: 66  hours average weekly
Total unpaid O/T hours:  26 overtime hours weekly
Regular rate: $25.00 x 1.5=$37.50 O/T rate
O/T rate $37.50.00-$25.00 O/T rate paid=$12.50 half-time difference
Unpaid half-time: $12.50 for every O/T hour

  $12.50 x 26 O/T hours=$325.00 weekly x 44 weeks=$14,300.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

 This amount represents unpaid overtime wages.

57. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

58. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

59. At times mentioned, individual Defendant Jose J. Herrera was, and is now, the owner/partner/manager of Mar Tile Design. Defendant Jose J. Herrera was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Mar Tile Design's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Jose J. Herrera had financial and operational control of the business determining

Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

60. Defendants Mar Tile Design and Jose J. Herrera willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Antonio J. Scaramella and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Antonio J. Scaramella and other similarly situated individuals and against the Defendants Mar Tile Design and Jose J. Herrera based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Antonio J. Scaramella actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Antonio J. Scaramella demands a trial by a jury of all issues triable as of right by a jury.

Dated:  September 15, 2022

                                      Respectfully submitted,

                                      By: **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone:      (305) 446-1500
                                      Facsimile:       (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*